## Case No. 12,946.

SLOAN et al. v. The A. E. I.

[Bee, 250.] [1]

District Court, D. South Carolina. Jan. 18, 1808.

BOTTOMRY—FOREIGN PORT—NECESSITY.

Hypothecation can only be in a foreign port, and under circumstances of absolute necessity, where relief cannot be had but by pledging the ship.

[Cited in The Hunter, Case No. 6,904; Joy v. Allen, Id. 7,552.]

[Before BEE, District Judge.]

This ship, belonging to Thomas Wright, James Bixby, and the captain, sailed from hence to Liverpool, with a cargo belonging to Sloan & M'Millan (the actors in this cause,) the freight of which amounted to £1878 sterling. The cargo having been delivered, it was found necessary to repair the ship. The actors advanced the money for

this purpose, and a further sum to the captain, for all which the latter drew a bill of £1362 sterling. He was, himself, half owner of the vessel; and the bill was drawn on Wright, another part owner, and on Nathaniel Bixby, who appears to have had an interest in the cargo. James Bixby, the other part owner, is not noticed in the bill, which was protested on the 9th of December last. On the 23d of that month, Haley signed a paper, in Charleston, purporting to be an hypothecation of the ship for £938. 15s. and states therein that the hypothecation had been dispensed with in Liverpool, from a persuasion that the money advanced would be repaid on the ship's arrival here. The claimants, in their plea and answer, state that Haley did not apply to the libellants to advance money for these repairs, till after the ship had discharged her outward bound cargo, and they, as consignees, had received the freight.

The judge said that the principles of the law of hypothecation were fully laid down in Hopkinson's Rep. 163 to 199, inclusive. That he had been guided by those principles in several former decisions, and should continue to be so, till a decision of the supreme court of the United States should furnish a different precedent. In this case the paper pretending to be a deed of hypothecation had not been entered into until the vessel had got back to this port, and the bill drawn on the owners had been protested. No distress on the part of the captain had been proved; money was advanced as he wanted it, evidently on personal credit, and not on that of the ship. The libel was dismissed with costs.

SLOAN (NEW ENGLAND SCREW CO. v.). See Case No. 10,158.

SLOAN (SINGER v.). See Cases Nos. 12,898 and 12,899.

SLOANE (GIBBONS v.). See Case No. 5,-382.

SLOANE (WEIMER v.). See Case No. 17,-363.